## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **QIANA MARTIN**, on behalf of herself and all others similarly situated,<br><br>                            *Plaintiff*,<br><br>    v.<br><br>**BOTTOM LINE CONCEPTS, LLC**,<br><br>                           *Defendant*. | Civil Case No.:<br><br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1.    This action arises out of Defendant, Bottom Line Concept's ("Defendant" or "BLC"), practice of making unsolicited prerecorded telemarketing calls without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.    Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to call her telephone with prerecorded messages.

3.    Accordingly, Plaintiff brings this TCPA action on behalf of herself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5.    This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

6.    This Court has jurisdiction over BLC because BLC conducts business transactions in this District and has committed tortious acts in/from this District.

7.     Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

8.     Plaintiff Qiana Martin ("Martin") is, and at all times mentioned herein was, a citizen and resident of New York, New York.

9.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of Florida headquartered at 3323 NE 163rd Street, Suite 302, Miami Beach, Florida 33160.

11.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

12.     In 2020, Congress created the Employee Retention Credit or ERC tax break to reward businesses and nonprofits for keeping employees on payrolls during the pandemic.

13.     The ERC tax break has turned into a bonanza for firms, like BLC, that work with individuals and businesses to claim the tax credit.

14.     For example, in a recent Wall Street Journal article[1], BLC is noted as pursuing more than $6 billion dollars in ERC tax refunds that could yield BLC more than $1 billion dollars in fees.

---

[1] https://www.msn.com/en-us/money/markets/inside-a-sales-army-turning-a-tax-break-into-a-modern-day-gold-rush/ar-AA1gcVgG (last accessed Sept. 20, 2023).

15.     BLC's founder, Josh Fox, is cited as referring to the ERC tax break as a "modern-day gold rush."

16.     In order to market its services, Defendant, and various affiliates acting on its behalf, make prerecorded telemarketing calls soliciting individuals to work with Bottom Line to submit ERC applications.

17.     Because each of these calls were advertising Defendant's products and/or services, they constitute telemarketing and telephone solicitations.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18.     Ms. Martin is the user of a cellular telephone number ending in 0214.

19.     Ms. Martin received numerous prerecorded calls from BLC, the full extent of which will be confirmed in discovery.

20.     For example, and most recently, on August 30, 2023 at 3:02pm, Ms. Martin received a prerecorded call from (800) 728-9015, which left the following prerecorded message on her voicemail, in the voice of famous rapper Snoop Dogg:

> [beginning cut off]. . . you might be sitting on a refund that's rightfully yours.  But, check this out I got a hook up for you.  It's called ERCENROLL.COM and they got the game on lock. Now here's the kicker. These folks at ERCENROLL.COM, they got connections like no other.  They can have them funds in your hands quicker than you can roll up your favorite . . . well, you know what I mean. We're talking just a couple weeks and BOOM you got that cash flowing back where it belongs. So, if you're a business owner who's been through the thick of it, don't miss out on this golden opportunity. Slide on over to ERCENROLL.COM.  Let them know Snoop Dogg sent you and watch the magic happen.  It's all about getting what's yours baby.  ERCENROLL.COM.  They're the real deal and they got that fast track hook up y'all.  Snoop Dogg stamp of approval baby.  Peace out.

21.     When telephone numbers (800) 728-9015 is called, a prerecorded message states "thank you for calling the Employee Retention Hotline brought to you by Bottom Line Capital."

3

22.     Upon information and belief, BottomLine Capital is a d/b/a of BLC.

23.     For example, the logo on the BottomLine Capital website notes that it is "*powered by Bottom Line Concepts*":



<sup>2</sup>

24.     An internet search reveals that other consumers report received the same spam call from "Snoop Dogg" pitching the ERC tax credit:

---

<sup>2</sup> *See* https://bottomlinecapital.com/faqs/ (last accessed Sept. 20, 2023).



25.     Ms. Martin never provided prior express written consent (or any consent) to BLC for these telephone calls.

**DEFENDANT'S LIABILITY**

26.     Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

27.     "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the

---

[3] https://twitter.com/mttgrmm/status/1696976075535061193 (last accessed Sept. 20, 2023).

signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

28.  Ms. Martin never provided Defendant with any consent, written or otherwise.

29.  Accordingly, each of Defendant's telemarketing calls to Ms. Martin using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

30.  For violations of 47 U.S.C. § 227(b), Ms. Martin is entitled to a minimum of $500 per call.

31.  Ms. Martin is entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

32.  Ms. Martin has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls and voicemail messages;

- Invasion of Privacy; and

- Nuisance.

33.  These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

34.  Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a class defined as follows:

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call, from four (4) years prior to the filing of the Complaint through the date of Certification.

(the "Class")

6

35.     Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

36.     The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

37.     The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    a.   The time period(s) during which Defendant placed its calls;

    b.   The telephone numbers to which Defendant placed its calls;

    c.   The telephone numbers for which Defendant had prior express written consent;

    d.   The purposes of such calls; and

    e.   The names and addresses of Class members.

38.     The Class is comprised of hundreds, if not thousands, of individuals.

39.     There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

    a.   Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

    b.   Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    c.   Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

40.   Plaintiff is a member of the Class in that Defendant placed calls utilizing an artificial or prerecorded voice without her prior express written consent.

41.   Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

42.   Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

43.   Plaintiff has no interests antagonistic to, or in conflict with, the Class.

44.   Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

45.   Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

46.   The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

47.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

48.   Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

49.     Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

50.     Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls to Plaintiff's and Class Members' telephone numbers without prior express written consent.

51.     Defendant has therefore violated 47 U.S.C. § 227(b).

52.     As a result of Defendant's unlawful conduct, Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

53.     Plaintiff and Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class and appointing her counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C.     An order declaring that Defendant's actions, as set out above, violate Tex. Bus. & Com. Code § 305.053.

D.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from

engaging in the wrongful and unlawful acts described herein;

E.      An award of statutory damages;

F.      An award of treble damages;

G.      An award of reasonable attorneys' fees and costs; and

H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** September 27, 2023                    */s/ Javier L. Merino*
                                                 Javier L. Merino, Esq.
                                                 **THE DANN LAW FIRM**
                                                 1520 U.S. Highway 130, Suite 101
                                                 North Brunswick, NJ 08902
                                                 notices@dannlaw.com
                                                 Tel: (201) 355-3440
                                                 Fax: (216) 373-0536


                                                 Eric H. Weitz, Esquire
                                                 Max S. Morgan, Esquire
                                                 **THE WEITZ FIRM, LLC**
                                                 1515 Market Street, #1100
                                                 Philadelphia, PA 19102
                                                 Tel: (267) 587-6240
                                                 Fax: (215) 689-0875
                                                 eric.weitz@theweitzfirm.com
                                                 max.morgan@theweitzfirm.com
                                                 (*Pro Hac Vice* to be filed)