**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**QIANA MARTIN**, on behalf of herself and
all others similarly situated,

     *Plaintiff*,

             vs.

**BOTTOM LINE CONCEPTS, LLC**,

     *Defendant*.

Civil Case No.:  23-cv-08510-PAE

---

**DEFENDANT BOTTOM LINE CONCEPTS, LLC'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER
<u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) & 12(b)(1)</u>**

## **Table of Contents**

PRELIMINARY STATEMENT…………………………………………………………………1

SUMMARY OF RELEVANT ALLEGATIONS………………………………………………2

ARGUMENT…………………………………………………………………………………...3

    I.      LEGAL STANDARD…………………………………………………………………3

    II.     PLAINTIFF FAILS TO ALLEGE SUFFICIENT
           FACTS TO ESTABLISH DIRECT OR VICARIOUS LIABILITY…………………..5

          A.  Plaintiff fails to plead facts supporting direct TCPA liability……………………..6

          B.  Plaintiff fails to adequately plead vicarious liability………………………………...9

    III.    PLAINTIFF FAILS TO ADEQUATELY ALLEGE A
           "WILLFUL" OR "KNOWING" VIOLATION……………………………………...12

    IV.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO
           SUPPORT A CLAIM FOR INJUNCTIVE RELIEF………………………………..13

    V.     PLAINTIFF LACKS STANDING TO ASSERT HER CLAIM
           FOR RELIEF……………………………………………………………………...13

CONCLUSION………………………………………………………………………………..15

## **Table of Authorities**

### **Cases**

*Aaronson v. CHW Grp., Inc.*, No. 1:18-cv-1533, 2019 WL 8953349
(E.D. Va. Apr. 15, 2019) …………………………………………...7, 8, 11

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-cv-03315-PJH,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018) ………………………………....5

*Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2d Cir. 2011) ………………………5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ……………………………………………........3-4

*Bank v. Alliance Health Networks, LLC*, No. 15–CV–213 (JG)(VMS), 2015 WL 4645317
(E.D.N.Y. Aug. 4, 2015)…………...…………………………………………7

*Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB), 2019 WL 2280731,
(E.D.N.Y. Feb. 25, 2019) …………………………………………………..6

*Barker v. Sunrun Inc.*, No. CV 18-855 KG/LF, 2019 WL 1983291
(D.N.M. Apr. 29, 2019) …………………………………………………..15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) …………………………………………...3

*Canary v. Youngevity Int'l, Inc.*, No. 2019 WL 1275343, 2019 WL 1275343
(N.D. Cal. Mar. 20, 2019)…………………………………………………12

*Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209
(D.N.M. Sept. 28, 2018) ……………………………………..…………6-7

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65  (2d Cir. 1996) …………………………..4

*Frank v. Cannibas & Glass, LLC,* No. 2:19-cv-00250-SAB, 2019 WL 4855378
(E.D. Wash. Oct. 1, 2019)………………………………………………7

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir.1994) ………………………4

*Gulden v. Consol. World Travel Inc.*, No. CV-16-01113-PHX-DJH, 2017 WL 3841491
(D. Ariz. Feb. 15, 2017) …………………………………………………12

*Hale v. Teledoc Health, Inc.*, No. 20 CV 5245 (VB), 2021 WL 1163925,
(S.D.N.Y. Mar. 25, 2021) …………………………………………………...10

*Hernandez v. Select Portfolio, Inc.*, No. CV 15–01896 MMM (AJWx), 2015 WL 3914741
(C.D. Cal. June 25, 2015)…………………………………………………8

*Hicks v. Alarm.com*, No. 1:20-cv-532, 2020 WL 9261758 (E.D. Va. Aug. 6, 2020) …….5, 14, 15

*Hirsch v. Lyndon S. Ins. Co.*, No. 3:17-cv-1215-J-39JBT, 2019 WL 5110622
     (M.D. Fla. June 7, 2019) …………………………………………………...11

*Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243 (4th Cir. 2018) ……………………10

*In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574 (2013) ………………………...6

*In re: Monitronics Int'l, Inc., TCPA Litig.*, 223 F. Supp. 3d 514
     (N.D.W.Va. 2016) ……………………………………………………..10, 11, 13

*Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129  (E.D.N.Y. 2015) ……………...6, 11

*Jones v. Royal Admin. Svcs., Inc.*, 887 F.3d 443 (9th Cir. 2018) ……………………………..9, 11

*Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75  (S.D.N.Y. 2016) ………………………………4-5

*Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292 (D. Nev. 2014) ………………………9

*Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153 (D. Conn. 2016) ………………..14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014) ……………5, 14

*Linlor v. Five9, Inc.,* No. 17cv218-MMA (BLM), 2017 WL 5885671
     (S.D. Cal. Nov. 29, 2017) …………………………………………………...9

*Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374, 2020 WL 6440255
     (S.D. Ohio Nov. 3, 2020) …………………………………..……………12-13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) …………………………………..4-5, 14, 15

*Maldanado-Rodriguez v. Citibank, N.A.,* No. 2:12-cv-150 JD, 2013 WL 350814
     (N.D. Ind. Jan. 28, 2013)……………………………………………………..7

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ……………………………………13-14

*Meeks v. Buffalo Wild Wings, Inc.*, No. 17-cv-07129-YGR, 2018 WL 1524067
     (N.D. Cal. March 28, 2018) ……………………………………………………9

*Melito v. American Eagle Outfitters, Inc.*, 2015 WL 7736547,
     (S.D.N.Y. Noc. 30, 2015) ………………………………………4, 6, 9, 10, 11

*N. Shipping Funds I, LLC v. Icon Cap. Corp.*, 921 F. Supp. 2d 94 (S.D.N.Y. 2013)…………...10

*Nicosia v. Amazon*, 834 F.3d 220 (2d Cir. 2016) …………………………………………...13

*O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) …………………………………………………13

*Panacci v. A1 Solar Power, Inc.*, No. 15–cv–00532–JCS, 2015 WL 3750112
        (N.D. Cal. June 15, 2015) …………………………………………………11

*Pascal v. Agentra, LLC*, No. 19-cv-02418-DMR, 2019 WL 5212961
        (N.D. Cal. Oct. 16, 2019) …………………………………………………5

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret.*
        *Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013) ………...4

*Rogers v. Postmates Inc*., No. 19-cv-05619-TSH, 2020 WL 3869191
        (N.D. Cal. July 9, 2020) …………………………………………………..5

*Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237 (S.D. Fla. 2019) …………………13

*Scruggs v. CHW Grp., Inc.*, No. 2:20cv48, 2020 WL 9348208
        (E.D. Va. Nov. 12, 2020) …………………………………………………...15

*.Sheski v. Shopify (USA) Inc*., No. 19-cv-06858-HSG, 2020 WL 2474421
        (N.D. Cal. May 13, 2020) …………………………………………………6

*Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653
        (E.D. Pa. Sept. 21, 2020) …………………………………………………8

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) …………………………………………………...5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ………………………………………13

*Steinbeck v. Steinbeck Heritage Found*., 400 F.App'x. 572 (2d Cir. 2010)). …………………...10

*Stephens v. Shuttle Assocs., L.L.C.*, 547 F. Supp. 2d 269 (S.D.N.Y. 2008) ……………………..4

*Thomas v. Taco Bell Corp.*, 582 F.App'x 678 (9th Cir. 2014) ………………………………………..5

*Williams v. Waypoint Res. Grp., LLC*, No. 18-cv-4921, 2019 WL 1368998,
        (E.D.N.Y. Mar. 26, 2019) …………………………………………………...4

## **Treatises**

Restatement (3d) of Agency ("Restatement") § 1.01……………………………………………9

## **Statutes/Rules**

Federal Rules of Civil Procedure 12(b)……………..……………………………………*passim*

Defendant Bottom Line Concepts, LLC ("BLC"), by and through its attorneys, submits this memorandum of law in support of its motion to dismiss Plaintiff Qiana Martin's ("Plaintiff") complaint, on behalf of herself and all others similarly situated, under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

## PRELIMINARY STATEMENT

This case represents all that is wrong with Telephone Consumer Protection Act ("TCPA")[1] litigation in this country.  Defendant BLC did not make or authorize, and has nothing to do with, the single voicemail giving rise to this putative class action.  To the contrary, the only person clearly identified in the voicemail giving rise to Plaintiff Qiana Martin's Complaint is rapper Calvin Cordozar Broadus Jr. (known professionally as "Snoop Dogg").  While the alleged message contains a reference to ERCENROLL.COM and a "Snoop Dogg stamp of approval," the message does **not** contain any reference to BLC.  Instead, Plaintiff has improperly dragged BLC into this case because a third-party (who is also not mentioned anywhere in the voicemail) is alleged to have made the call and is alleged to be "a d/b/a of BLC" (which is not correct).  Those flimsy allegations (even if true) simply do not give rise to a cause of action against BLC.

Dismissal is appropriate for four separate and independent reasons.

***First***, the Complaint should be dismissed because Plaintiff fails to state a plausible claim for relief under the TCPA or to allege sufficient facts supporting such a claim. To survive dismissal, a TCPA plaintiff must first allege sufficient non-conclusory facts supporting the defendant's direct or vicarious liability. Here, Plaintiff not only fails to provide basic facts about the alleged call or caller – indeed, ***the alleged message does not even identify BLC*** – but also fails

---

[1] *See* 47 U.S.C. § 227, et seq.

to plead any facts supporting an inference that BLC: (i) took any steps to "physically" place the call at issue, as required to plead direct TCPA liability; or (ii) had an agency relationship with, or control over, any third party who may have done so, as required to plead vicarious TCPA liability. Federal district courts – including this Court – routinely dismiss such bald TCPA claims in their entirety on these bases alone. This Court should do so here, as well, and dismiss Plaintiff's Complaint in its entirety.

*Second*, the Court should also dismiss the entire Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff cannot meet at least two of the required elements for Article III standing – *i.e.*, causation and redressability. In this regard, Plaintiff fails to provide any facts tracing her purported injuries (if any) to BLC or explain how relief from BLC will redress alleged injuries caused to her by unidentified third parties.

*Third*, Plaintiff's failure to include any allegations regarding a threat of potential future injury requires dismissal of her claim for injunctive relief.

*Finally*, Plaintiff does not provide any facts remotely suggesting any violation here was "willful or "knowing" so as to justify treble damages under the TCPA. Instead, Plaintiff merely parrots the language of the statute. This conclusory allegation justifies dismissal of Plaintiff's claims for a "willful or knowing" violation.

## SUMMARY OF RELEVANT ALLEGATIONS

The Complaint is devoid of a single fact connecting BLC to any alleged telemarketing activities.  The only "facts" regarding BLC are those derived from a Wall Street Journal article discussing BLC generally that has nothing to do with Plaintiff or the sole call at issue in the Complaint.  (*See* Affidavit of Nader Mobargha, Esq., Exhibit ("Ex.") 1, the Complaint ("Compl.")); *see also* ECF No. 1 at ¶¶ 13-15).  Other than unsubstantiated and conclusory

allegations, that is it.  At best, and in pertinent part, Plaintiff alleges that she "received numerous prerecorded calls from BLC," (Compl. ¶ 19), but only is aware of one of these calls because "the full extent of [these alleged calls] will be confirmed in discovery." (*Id.*)  Plaintiff further references a single voicemail, from a phone number that Plaintiff cannot directly connect to BLC. (*Id.* at ¶ 20).

Nevertheless, following a bleak string of assumptions, Plaintiff concludes that a call made by "Snoop Dogg" is actually from BLC.  (*Id*. ¶¶ 20-23).  Plaintiff then includes a Twitter post from an unrelated individual who also received a voicemail, from a completely different phone number, that sounded like "Snoop Dogg." (*See id.* at ¶ 24).

The foregoing represents the sum total of the few remotely "factual" allegations in Plaintiff's Complaint. What remains is a laundry list of similarly speculative, conclusory, and formulaic allegations, each giving short shrift to the legal elements of her purported TCPA claim, legal authority, and a smattering of unwarranted deductions and unreasonable inferences, but utterly lacking in requisite specific supporting facts.  (*See, e.g., id.* at ¶¶ 1-33, 49-53).  As shown below, these bald allegations are woefully deficient to avoid dismissal under Rules 12(b)(6) or 12(b)(1), and, therefore, Plaintiff's Complaint should be dismissed in its entirety.

## **ARGUMENT**

### I-      **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal where a plaintiff fails to state a claim upon which relief can be granted. A legal claim requires pleading sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "Bare assertion[s]" or "conclusory allegations" will not suffice.  *Id.*  Nor will a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see also id.* at 678 (pleadings must contain "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation"); *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 724 (2d Cir. 2013) (affirming dismissal where plaintiff did "not support its [] claim with factual allegations sufficient to elevate it from the realm of mere 'legal conclusions'") (citing *Iqbal*, 556 U.S. at 679); *Melito v. American Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4-5 (S.D.N.Y. Noc. 30, 2015) (dismissing deficient TCPA complaint, holding that "legal conclusion[s] couched as factual allegation[s]" will not prevent dismissal); *Stephens v. Shuttle Assocs., L.L.C.*, 547 F. Supp. 2d 269, 273 (S.D.N.Y. 2008) (mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true under Rule 12(b)(6)) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994)). Instead, Plaintiff must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting her allegations. *Twombly*, 550 U.S. at 556; *see also Williams v. Waypoint Res. Grp., LLC*, No. 18-cv-4921, 2019 WL 1368998, at *2 (E.D.N.Y. Mar. 26, 2019) (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)) ("A plaintiff must assert 'specific facts or circumstances' in support of his claims; '[a] complaint which [is] ... unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).'") (alterations in original).

A lack of Article III standing warrants dismissal under Rule 12(b)(1), as the Court lacks proper subject matter jurisdiction over such claims. *See, e.g., Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75, 79 (S.D.N.Y. 2016)*.* In this regard, Article III of the U.S. Constitution confers on the federal judiciary the power to adjudicate only certain cases and controversies. In order to establish sufficient standing to bring a claim under Article III, (i) a plaintiff must have suffered a concrete and particularized "injury in fact," (ii) there must be a causal connection between the injury and the conduct complained of (*i.e.*, causation or "traceability"), and (iii) the injury must be capable of

being redressed by a favorable decision (*i.e.*, "redressability"). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (the party invoking federal subject matter jurisdiction has the burden of establishing standing); *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377, 1386 (2014) (the "causation" element requires that the "injury in fact" be "fairly traceable" to the defendant's conduct). Like under Rule 12(b)(6), the Court need not accept as true conclusory allegations under Rule 12(b)(1). *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir.2011); *Hicks v. Alarm.com*, No. 1:20-cv-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing TCPA case under Rules 12(b)(1) and 12(b)(6), holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing).

## II- PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO ESTABLISH DIRECT OR VICARIOUS LIABILITY

The first of many reasons that Plaintiff's claim fails is that she does not plead sufficient facts supporting a plausible theory of liability under the TCPA. Courts have recognized two potential theories of liability under the TCPA: (i) direct liability; and (ii) vicarious liability. *See Rogers v. Postmates Inc*., No. 19-cv-05619-TSH, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (citing *Thomas v. Taco Bell Corp.*, 582 F.App'x 678, 679 (9th Cir. 2014)). Thus, to properly plead a telemarketing claim, "the person must either (1) ***directly make*** the call, or (2) have an ***agency relationship*** with the person who made the call." *Pascal v. Agentra, LLC*, No. 19-cv-02418-DMR, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (emphasis added) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc*., No. 17-cv-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018); *see also Rogers*, 2020 WL 3869191, at *3  ("There are two potential theories of liability under the TCPA: (1) direct liability; and (2) vicarious liability.") (citing *Thomas*, 582 F.App'x at 679). As to the former, it is well accepted that direct liability under the TCPA applies <u>only</u> to persons

or entities that "initiate" telemarketing calls and that to "initiate" in this context means to "physically place" a phone call. *Sheski v. Shopify (USA) Inc.*, No. 19-cv-06858-HSG, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)); *see also Melito,* 2015 WL 7736547, at *4 (dismissing TCPA case on this basis and others); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015) (same). Here, Plaintiff fails to adequately allege direct or vicarious liability.

### A.   Plaintiff Fails To Plead Facts Supporting Direct TCPA Liability

Federal courts — including in this District and others in the Second Circuit — have routinely dismissed conclusory direct TCPA liability claims at the pleadings stage that, like Plaintiff's, lack sufficient factual allegations demonstrating that the defendant itself actually "initiated" the phone calls at issue in the sense of "***tak[ing] the steps necessary to physically place***" a call. *Sheski*, 2020 WL 2474421, at *2-4 (quoting *In re Dish Network, LLC*, 28 FCC Rcd. at 6583 ¶ 26) (dismissing where plaintiff's allegations did not "lead to the inference that [defendant] sent or was directly involved in sending the text messages at issue") (emphasis added); *see also Melito,* 2015 WL 7736547, at *4 (dismissing, *inter alia,* on direct liability grounds where, as here, the plaintiff alleged that the defendant "caused" the at-issue texts to be sent, noting that "none of plaintiffs' factual allegations, even if accepted as true, establishe[d] direct liability on [defendant's] part under the TCPA because, put simply, none of those actions involves the making, or physical placement, of a text message") (Caproni, J.); *Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB), 2019 WL 2280731, at *2- 3 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019) (alleging that the defendant "placed, or directed to be placed," the at-issue call was insufficient for direct liability); *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (holding that "[t]he mere conclusion

that the [ATDS] responsible for the call belonged to [d]efendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that [d]efendant 'made,' or 'physically placed' the call to [p]laintiff's cell phone"); *Aaronson v. CHW Grp., Inc.*, No. 1:18-cv-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (holding that, "at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls" and dismissing where plaintiff "failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations d[id] not show plausibly that defendant actually, physically initiated the telephone calls at issue").

In short, "[m]erely alleging that [a defendant] 'made' or 'initiated' [a] call"— like Plaintiff does — "is not sufficient to allege a [direct] TCPA [liability] claim" or to avoid dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC*, No. 2:19-cv-00250-SAB, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019).

In the present case, Plaintiff does not allege that BLC itself—as opposed to some unidentified third party—physically placed the call at issue. In fact, Plaintiff does not allege that the voicemail message she purportedly received identified BLC at all (to the contrary, it identified a different entity, "ERCENROLL.COM"), let alone offered her any services provided by BLC. Instead, and at best, she merely alleges that BLC or unidentified third parties are at fault (Compl. ¶ 50), which courts have found to be "woefully insufficient to state a claim of ***any sort***." *Maldonado-Rodriguez v. Citibank, N.A.*, No. 2:12–CV–150 JD, 2013 WL 350814, at *5 (N.D. Ind. Jan. 28, 2013) (emphasis added); *see also Bank v. Alliance Health Networks, LLC*, No. 15–CV– 213 (JG)(VMS), 2015 WL 4645317, at *2 (E.D.N.Y. Aug. 4, 2015) (dismissing TCPA claim where the plaintiff "allege[d] merely that the calls at issue were made by, or on behalf of, or with the authorization of [defendants]"). Not only do such allegations fail to state a plausible direct

TCPA liability claim, as the many directly on-point authorities cited above show, but also such "[c]ontradictory allegations … are [also] inherently implausible, and [thus] fail to comply with Rule 8, *Twombly*, and *Iqbal*" and cannot avoid dismissal, either. *Hernandez v. Select Portfolio, Inc.*, No. CV 15–01896 MMM (AJWx), 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015); *see also Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016) ("Where [a] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.") (quoting *U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.*, No. 12 Civ. 4873(CM), 2012 WL 6136017, at *7 (S.D.N.Y. Dec. 11, 2012)). Even a call purportedly originating from a phone number associated with the defendant in some fashion is not enough to allege direct TCPA liability standing alone, either. *Aaronson* is instructive on this point. *See* 2019 WL 8953349, at *2. Dismissing on direct and vicarious liability grounds, the court noted that the complaint there, like Plaintiff's, was "devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone" and that "[t]he lone fact marshalled … that even c[ame] close to supporting plaintiff's conclusion that defendant was the party that called his cellular telephone [wa]s the allegation that one of the calls made to plaintiff was from a telephone number that … 'is one of the Defendant's many telephone numbers.'" *Id.*; *see also Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (citing *Aaronson*, ruling similarly). That is all Plaintiff alleges (or, rather, merely concludes without further support) occurred here, at best.  (*See* Compl. ¶ 31).

In sum, because Plaintiff does not allege with any supporting facts that BLC itself actually physically placed the call at issue, as is required to plead a plausible direct TCPA liability claim,

this Court should follow the vast weight of applicable federal authority above holding that such a plainly deficient TCPA claim should be dismissed under Rule 12(b)(6), and do so here.

**B.** <u>**Plaintiff Fails To Adequately Plead Vicarious Liability**</u>

Plaintiff likewise fails to plausibly allege vicarious liability under the TCPA. Vicarious liability cannot be casually pled; rather, courts uniformly require plaintiffs to meet a certain pleading threshold.   Indeed, vicarious liability in any context requires a special relationship between a principal and an agent.  *See* Restatement (3d) of Agency ("Restatement") § 1.01, cmt. c ("[T]he concept of agency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person.").  More specifically, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Jones v. Royal Admin. Svcs., Inc*., 887 F.3d 443, 448 (9th Cir. 2018) (citing Restatement, § 1.01)), *accord Melito*, 2015 WL 7736547 at *6.  This requires "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, No. 17cv218-MMA (BLM), 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017).  And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'"  *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-cv-07129-YGR, 2018 WL 1524067, at *5 (N.D. Cal. March 28, 2018) (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)).

Further, in the TCPA context, courts have widely recognized that vicarious liability cannot attach without the "essential ingredient" of control. *Jones*, 887 F.3d at 450; *see also In re:*

*Monitronics Int'l, Inc., TCPA Litig.*, 223 F. Supp. 3d 514, 520 (N.D.W.Va. 2016), *aff'd sub nom. Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency [for vicarious liability], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted."); *see also N. Shipping Funds I, LLC v. Icon Cap. Corp.*, 921 F. Supp. 2d 94, 103 (S.D.N.Y. 2013) ("An essential element of agency is a principal's ability to exercise control over its agent.") (citing *Steinbeck v. Steinbeck Heritage Found.*, 400 F.App'x. 572, 575 (2d Cir. 2010)).  A TCPA plaintiff "must allege ***some*** facts regarding the relationship between an alleged principal and agent" showing that the defendant had the right to control the caller and "cannot simply allege general control in a vacuum." *Melito*, 2015 WL 7736547 at \*7 (emphasis in original).

Thus, not only do courts (including those in this District) routinely dismiss TCPA claims (like Plaintiff's) premised on vicarious liability at the pleading stage, but also the vast majority of courts have held that failure to allege sufficient facts establishing an agency relationship with or control over an agent is fatal to such claims.  *See*, *e.g.*, *Melito*, 2015 WL 7736547 at \*7 (dismissing, *inter alia*, on vicarious liability grounds, holding the "mere conclusory allegations that [the caller] was [defendant's] agent ... fails to plead an agency relationship ... sufficient to allege vicarious liability under section 227(b)(1)(A)(iii) of the TCPA"); *Bank*, 2019 WL 1306064, at \*4 (dismissing where complaint lacked "any allegations that [the defendant] had the power to give 'interim instructions' to [the purported agent], or any non-conclusory suggestion of 'direction' or 'control' by [the defendant] of [the purported agent]") (quoting *Jackson*, 88 F. Supp. 3d at 139); *Hale v. Teledoc Health, Inc.*, No. 20 CV 5245 (VB), 2021 WL 1163925, at \*3–6 (S.D.N.Y. Mar. 25, 2021) (dismissing TCPA claim where plaintiff failed to allege facts supporting agency theories);

10

*Childress*, 2018 WL 4684209, at *3 (dismissing, applying *Melito* and *Jackson*); *Aaronson*, 2019 WL 8953349, at *3 (applying *Melito* and dismissing where plaintiff failed to "provide any *facts* to demonstrate an agency relationship between defendant and the party who physically initiated the call") (emphasis in original); *Panacci v. A1 Solar Power, Inc.*, No. 15–cv–00532–JCS, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where plaintiff did not allege defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller and plead "virtually no allegations regarding the relationship" between defendant and caller).  Such is particularly true here, and it further dooms the Complaint.

In this case, Plaintiff does not – and indeed cannot – allege the "essential ingredient" of control and, therefore, has failed to plead any facts supporting a claim for vicarious TCPA liability. Again, the Complaint includes a vague reference to non-party Bottom Line Capital and baldly concludes that "upon information and belief, Bottom Line Capital is a d/b/a of BLC" and that BLC is referenced on Bottom Line Capital's website.  *See* Compl. ¶¶ 22, 23.  But it does not allege, for example, with any supporting facts that: (1) BLC had any relationship with any third party that initiated the call; (2) BLC exerted control over that party or the call; (3) BLC was operating as part of BLC's business; (4) BLC supplied that third party with tools and instrumentalities to make the call; or (5) BLC and that third party maintained a long-term or permanent working relationship. *See*, *e.g.*, *Jones*, 887 F.3d at 450 (analyzing these and other factors holding seller not vicariously liable for telemarketer's alleged TCPA violations); *Monitronics*, 223 F. Supp. 3d at 520 (discussing similar factors); *Bank.* 2019 WL 2280731, at *3 ("The [alleged] existence of some connections between the defendant and the maker of the call will not suffice" for vicarious TCPA liability.); *Hirsch v. Lyndon S. Ins. Co.*, No. 3:17-cv-1215-J-39JBT, 2019 WL 5110622, at *6 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.*, 2019 WL 8370863 (Aug. 6, 2019),

*aff'd*, 805 F.App'x 987 (11th Cir. 2020) (dismissing, noting that the FCC "has explicitly rejected a theory of liability under the TCPA against the seller of a product for telephone calls marketing that product absent an agency or similar relationship between the seller and the caller").

Therefore, to the extent Plaintiff was seeking to hold BLC vicariously liable under the TCPA, her Complaint falls far short of satisfying federal pleading requirements in that regard, and her TCPA claim should be dismissed pursuant to Rule 12(b)(6) for this reason, as well.

All told, Plaintiff's "either/or" pleading tactic has been rejected time and again by countless courts. Because she does not properly allege specific facts suggesting BLC "physically placed" the calls at issue, or that some third party over whom BLC had any "control" did, this Court should dismiss Plaintiff's TCPA claim in its entirety under Rule 12(b)(6). *See, e.g.*, *Gulden v. Consol. World Travel Inc.*, No. CV-16-01113-PHX-DJH, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing where plaintiff "offer[ed] no factual support" for a conclusion that the "[d]efendant was the source of the alleged calls," ruling that "***[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims***") (emphasis added).

## III-   PLAINTIFF FAILS TO ADEQUATELY ALLEGE A "WILLFUL" OR <u>"KNOWING" VIOLATION</u>

Plaintiff vaguely suggests she is seeking treble damages "if Defendant's actions are found to be knowing and willful." (*See, e.g.,* Compl. ¶¶ 31, 53 & Prayer). However, Plaintiff does not make any allegations that the **<u>singular call</u>** was made by **<u>anyone</u>** knowingly or willfully. Plaintiff's allegations on this front are entirely conclusory and thus do not meet federal pleading standards either. *See, e.g.*, *Canary v. Youngevity Int'l, Inc.*, No. 2019 WL 1275343, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) (dismissing claim for alleged willful/knowing TCPA violations, in part, because it "consist[ed] of nothing more than bare-bones legal conclusions"); *Lucas v. Monitronics*

*Int'l, Inc.*, No. 1:17-cv-374, 2020 WL 6440255, at *2 n.3 (S.D. Ohio Nov. 3, 2020) (declining to award treble damages for motion for default judgment on §227(c)(5) claim, holding that "plaintiff's conclusory allegation that [defendant's] actions were 'willful' is nothing more than a legal conclusion couched as a factual allegation" ) (citing *Twombly*, 550 U.S. at 555). Dismissal of Plaintiff's claims seeking treble damages are independently warranted here.

## IV-   PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR INJUNCTIVE RELIEF

Plaintiff lacks Article III standing to seek injunctive relief in any event, which requires that she establish "continuing, present adverse effects" traceable to BLC's conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108–09 (1998) (holding that a "generalized interest in deterrence" insufficient to demonstrate Article III standing for injunctive relief); *Nicosia v. Amazon*, 834 F.3d 220, 239 (2d Cir. 2016) (to have standing for injunctive relief, a plaintiff must "demonstrate that she is likely to be harmed again in the future in a similar way.").

Here, Plaintiff alleged she received "numerous" calls – however, only providing detail for a single call – during an unspecified period of time, but Plaintiff does not allege any continuing or possible future injury.  There is no continuing or possible future injury alleged and, consequently, Plaintiff's request for injunctive relief fails for lack of standing and should be dismissed under Rule 12(b)(1), as well.  *See, e.g., Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (dismissing request for injunctive relief in TCPA case for lack of standing where there was nothing alleged suggesting possible future calls).

## V-   PLAINTIFF LACKS STANDING TO ASSERT HER CLAIM FOR RELIEF

A complaint is properly dismissed under Fed. R. Civ. P. 12(b)(1) where there is a lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To

establish Article III standing, Plaintiff must plausibly allege that: (i) she suffered a concrete and particularized "injury in fact," (ii) there is a causal connection between her injury and the conduct complained of (*i.e.*, causation), <u>and</u> (iii) her injury must be capable of being redressed by a favorable decision (*i.e.*, redressability). *Lujan*, 504 U.S. at 560-61; *see also Lexmark*, 572 U.S. at 125. Additionally, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

Like under Rule 12(b)(6), conclusory allegations are insufficient under Rule 12(b)(1). *See Lapaglia v. Transamerica Cas. Ins. Co*., 155 F. Supp. 3d 153, 155 - 56 (D. Conn. 2016) (applying *Iqbal* and *Twombly* pleading standard to jurisdictional allegations); *see also Hicks*, 2020 WL 9261758, at *5 (dismissing TCPA case under Rules 12(b)(1) <u>and</u> 12(b)(6) because "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing).

To meet the causation element, a plaintiff's "injury in fact" must be "fairly traceable" to the <u>defendant's</u> conduct. *Lexmark*, 572 U.S. at 125; *see also Lujan*, 504 U.S. at 560-61 (an injury is not fairly traceable to the defendant if the injury complained of is "th[e] result [of] the ***independent action of some third party*** not before the court") (quoting *Simon v. Eastern Ky. Welfare Rights Org*., 426 U.S. 26, 41–42 (1976)) (emphasis added). Here, Plaintiff failed to plead facts showing any conduct attributable to BLC, as opposed to third parties not before the court (*i.e.,* Employee Retention Hotline and BLC). Plaintiff likewise fails to plead any facts from which the Court could infer that BLC had any relationship with Employee Retention Hotline or BLC. Consequently, any alleged "injury" Plaintiff may have suffered as a result of Employee Retention Hotline or BLC's actions are not fairly traceable to BLC. Thus, Plaintiff lacks Article III standing and the Complaint should be dismissed under Rule 12(b)(1). *See, e.g., Hicks*, 2020 WL 9261758,

at *5 (holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing); *Barker v. Sunrun Inc*., No. CV 18-855 KG/LF, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (ruling similarly); *see also Scruggs v. CHW Grp., Inc.*, No. 2:20 cv 48, 2020 WL 9348208, at *8 (E.D. Va. Nov. 12, 2020) (holding that "[h]aving found that the contested calls are not fairly traceable to [the defendant] in the context of standing [under Rule 12(b)(1)], the Court also finds that [plaintiff] has not adequately pled facts under the [*Twombly*/]*Iqbal* pleading standards supporting direct or vicarious liability under the TCPA" under Rule 12(b)(6)).

Moreover, Plaintiff has not shown her claims can be adequately redressed by BLC. Redressability means a non-speculative "likel[ihood]" that the injury alleged will be remedied "by a favorable decision."  *See Lujan*, 504 U.S. at 560-61. In addition to statutory damages and other relief, Plaintiff vaguely seeks injunctive relief.  (*See* Compl. Prayer).  But because Plaintiff pleads no specific facts showing any conduct attributable ***to*** BLC, her injury is not capable of being redressed ***by*** BLC.  Thus, Plaintiff lacks Article III standing, and the Court should dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendant Bottom Line Concepts, LLC respectfully requests that the Court dismiss Plaintiff Qiana Martin's Complaint with prejudice, strike the class allegations, and grant such other further relief as the Court deems just and proper.

Dated:  New York, New York
October 23, 2023

**MARK MIGDAL & HAYDEN**

By:  _____/s/_____
Etan Mark, Esq. (EM 4757)
Yaniv Adar, Esq.* (pro hac vice)
Brickell City Tower
80 SW 8th Street, Ste. 1999
Miami, FL 33130
Telephone: (305) 374-6622
Etan@markmigdal.com
yaniv@markmigdal.com

*Attorneys for Defendant Bottom Line
Concepts, LLC*